IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MILESTONE SYSTEMS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   Case No. _____ |
| HAWK TECHNOLOGY SYSTEMS, LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Milestone Systems, Inc. ("Milestone") brings this action for declaratory judgment against Hawk Technology Systems, LLC ("Hawk").  Milestone seeks, among other things, declaratory judgment of non-infringement of U.S. Patent No. RE43,462 ("the '462 patent" - attached as Exhibit 1), that the claims of the '462 patent are invalid, and that Milestone has intervening rights with respect to the '462 patent.

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity of, and intervening rights with respect to, the '462 patent.

## THE PARTIES

2. Plaintiff Milestone is a corporation having a principal place of business at 8905 SW Nimbus Ave, Suite 400, Beaverton, Oregon 97008.  Milestone is engaged in the business of, among other things, designing and selling open platform IP video management and surveillance software.

3. Milestone Systems A/S, the parent company of Plaintiff Milestone Systems, Inc., was founded in 1998.  Today, Milestone is the global industry leader in open platform IP video

management software. Milestone's innovative XProtect surveillance software is easy to manage, reliable, and proven in customer installations around the world. With support for the widest choice in network hardware and integration with other systems, XProtect provides best-in-class solutions to video enable organizations – managing risks, protecting people and assets, optimizing processes, and reducing costs.

4. Upon information and belief, Defendant Hawk is a Florida limited liability company with a principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

5. Hawk's registered agent is Marc Shulman, 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

6. Upon information and belief, Hawk was formed in 2012 and its business is directed to owning and enforcing the '462 patent in litigation.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and under the Patent Laws of the United States, as enacted under Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 et seq. and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

8. Hawk is subject to personal jurisdiction in this judicial district because Hawk resides in this district, has purposefully availed itself of the privilege of doing business in this judicial district, transacts business in this district, and has sufficient minimum contacts with Florida to render the exercise of jurisdiction over Hawk compatible with due process.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c), as well as 28 U.S.C. § 1400(b), as Hawk resides in this district and/or wrongful acts as alleged herein have occurred in this district.

## THE PATENT AT ISSUE

10. U.S. Patent No. 5,625,410 ("the '410 patent") issued on April 29, 1997. On April 28, 1999, a reissue application of the '410 patent was filed.

11. As part of the reissue application, the patentees declared that "our issued patent is at least partially inoperative or invalid in that we claim less than we had the right to claim."

12. During the prosecution of the reissue, the patent applicants amended the language and scope of the original claims of the '410 patent and also added new claims.

13. On June 12, 2012, the '410 patent was surrendered and reissued as the '462 patent. The '462 patent is titled "Video Monitoring and Conferencing System" and identifies, as the alleged inventors, Kinya Washino and Barry H. Schwab.

## HAWK'S ACTIVITIES

14. Hawk claims to be the owner by assignment of the '462 patent.

15. Upon information and belief, Hawk attempts to profit from its alleged ownership of the '462 patent solely through litigation and seeking settlement or licensing fees from other entities.

16. To date, Hawk has brought at least thirty-one suits for infringement of the '462 patent. Hawk has filed suits primarily in this district, but also in the Middle District of Florida, Eastern District of Michigan, District of New Jersey, Northern District of Illinois, District of Colorado, Western District of Wisconsin, Central District of California, Middle District of

3

Pennsylvania, Eastern District of Missouri, and the Eastern District of Texas.  Four of Hawk's patent infringement suits have been within the past three weeks.

17. Hawk has filed at least two infringement suits against users of Milestone's XProtect surveillance software: (1) *Hawk Technology Systems, LLC v. Loyola University of Chicago* (Case No. 1:14-cv-00976, N.D. Ill.) and (2) *Hawk Technology Systems, LLC v. Woodman's Food Market, Inc.* (Case No. 3:14-cv-00084, W.D. Wis.).  Upon information and belief, Hawk did not notify Loyola University or Woodman's Food Market of its alleged infringement before filing suit.

18. Woodman's Markets is listed as a customer on Milestone's website.  Milestone further provides information about its services to Woodman's as part of a Customer Story that can be found on Milestone's website.

19. During the course of its litigation with Loyola University, Hawk provided Loyola University with a detailed claim chart (attached as Exhibit 2) that describes Hawk's allegations of infringement of independent claims 1, 12, and 15 of the '462 patent.  With the exception of the header of each page of the claim chart, "Hawk Technology Systems, LLC v. Loyola University of Chicago," there is no mention of Loyola University anywhere in the twenty-nine page claim chart.

20. The chart is broken down into four columns: "Independent Claim No. X"; "Hawk USP RE43,462"; "Product Disclosure"; and "Comments & Reference."  *See* Exhibit 2.

21. In nearly every row of the claim chart, Milestone's XProtect video surveillance software is listed and described in the "Product Disclosure" column. *See* Exhibit 2.

22. In nearly every row of the claim chart, Milestone's XProtect video surveillance software is referenced in the "Comments and Reference" column. *See* Exhibit 2.

23. In addition, in nearly every row of the claim chart, URLs are provided to Milestone's website, including XProtect software manuals and specification sheets. *See* Exhibit 2.

24. Snapshots from Milestone documents describing XProtect's functionality are also included within the "Product Disclosure" column of the claim charts. *See* Exhibit 2.

25. Hawk identifies Milestone's XProtect software product in nearly every element of every independent claim in Hawk's claim chart. No other company's products are mentioned by name or reference in the chart. No other company's brochures, information, or websites are referenced in the chart. *See* Exhibit 2.

26. Hawk's repeated identification of Milestone's XProtect software indicates that Hawk considers XProtect to be a material component of the alleged infringement of the '462 patent and that Milestone purportedly induces and/or contributes to the alleged infringement of the '462 patent through the sale of its XProtect software.

27. Since claiming ownership rights, Hawk has employed an aggressive and persistent litigation strategy with respect to the enforcement of the '462 patent against perceived infringers, including Milestone customers.

28. Upon information and belief, Hawk will initiate suit against Milestone for patent infringement. Upon information and belief, Hawk will continue to initiate suits against users of Milestone's XProtect software for patent infringement.

29. Unless enjoined, Hawk's actions against Milestone and its customers threaten irreparable harm for which there is no adequate remedy of law.

30. Based on the foregoing, there is a substantial and justiciable controversy between Milestone and Hawk that warrants declaratory judgment.

## COUNT ONE – DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '462 PATENT

31. Milestone repeats and realleges paragraphs 1-30 as if fully set forth herein.

32. Hawk claims to be the owner of all legal rights, title, and interest in the '462 patent, including the right to enforce the '462 patent.

33. Hawk provided an infringement claim chart to at least one customer of Milestone software that it has sued for patent infringement. The claim chart alleges that use of Milestone's video surveillance software, XProtect, in conjunction with standard, unidentified computer systems and hardware, infringes the '462 patent.

34. Hawk's claim chart specifically identifies and references Milestone's XProtect software as allegedly practicing elements recited in the '462 patent's claims. Hawk reinforces this assertion through repeated references to Milestone's website and XProtect documents.

35. Hawk's assertions in its claim chart indicate Hawk believes Milestone is liable for, at a minimum, inducing and/or contributory infringement of the '462 patent.

36. Neither Milestone nor the products that are provided by Milestone to its customers and utilized by its customers, including XProtect, infringe, either directly or indirectly, any valid claim of the '462 patent.

37. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

38. An actual and justiciable controversy exists between Milestone and Hawk as to whether the '462 patent is infringed by Milestone. A judicial declaration is necessary and appropriate so that Milestone may ascertain its rights regarding the '462 patent.

39. Milestone is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT TWO – DECLARATORY JUDGMENT OF INVALIDITY OF THE '462 PATENT

40. Milestone repeats and realleges paragraphs 1-39 as if fully set forth herein.

41. Milestone contends that one or more claims of the '462 patent are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. § 1, et seq., including but not limited to § 101, 102, 103, 112, and/or 251.

42. As one example, at least claims 1 and 15 of the '462 patent are invalid under 35 U.S.C. § 112(b) for indefiniteness because they each recite at least one means-plus-function claim element for which no corresponding structure is sufficiently disclosed in the '462 patent specification in accordance with 35 U.S.C. § 112(f).

43. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44. An actual and justiciable controversy exists between Milestone and Hawk with respect to whether the '462 patent is invalid. A judicial declaration is necessary and appropriate so that Milestone may ascertain its rights regarding the '462 patent.

45. Milestone is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT THREE – DECLARATORY JUDGMENT OF INTERVENING RIGHTS

46. Milestone repeats and realleges paragraphs 1-45 as if fully set forth herein.

7

47. As of June 12, 2012, when the '462 patent reissued, Milestone Systems A/S had invested fourteen years of effort to develop its video surveillance software products, including the development of XProtect.

48. Each of the original claims of the '462 patent was amended during reissue.

49. Each of the amended and new claims of the '462 patent is not substantially identical to any of the claims of the '410 patent as originally issued.

50. Milestone is entitled to absolute and equitable intervening rights pursuant to 35 U.S.C. § 252.

51. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

52. An actual and justiciable controversy exists between Milestone and Hawk with respect to whether Milestone has absolute and/or equitable intervening rights. A judicial declaration is necessary and appropriate so that Milestone may ascertain its rights.

53. Milestone is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Milestone respectfully requests the following relief:

(a) A declaration that Milestone has not and is not infringing, either directly or indirectly via inducement or contribution, any valid claim of the '462 patent, as requested by Count I of this action;

(b) A declaration that the '462 patent is invalid and unenforceable, as requested by Count II of this action;

(c)     A declaration that Milestone has intervening rights pursuant to 35 U.S.C. § 252 with respect to the '462 patent, as requested by Count III of this action;

(d)     An award of all damages, including special damages, provable at trial;

(e)     An order enjoining Hawk, its officers, directors, agents, counsel, servants, and employees, and all persons in active concert or participation with any of them, from charging infringement or instituting any action for infringement of the '462 patent against Milestone and/or any of Milestone's customers or downstream users of Milestone's products;

(f)     An order declaring that Milestone is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Milestone its costs, including attorneys' fees, in connection with this action; and

(g)     Such other relief as the Court may deem just and proper.

## JURY DEMAND

Milestone hereby demands a trial by jury on all issues so triable.

Dated: June 2, 2014

*Attorneys for Plaintiff*
MILESTONE SYSTEMS, INC.

KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE

By:   /s/*Terri Meyers*
Fla. Bar No. 881279
201 S. Biscayne Boulevard, Suite 1700
Miami, Florida 33131
Telephone: (305) 379-9000
Fax: (305) 379-3428
Email: tmeyers@klugerkaplan.com

-and-

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Andrew G. Strickland
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3263
Telephone (404) 653-6400
Fax: (404) 653-6444
Email: andrew.strickland@finnegan.com

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Stephen E. Kabakoff
3500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3263
Telephone (404) 653-6400
Fax: (404) 653-6444
Email: stephen.kabakoff@finnegan.com

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
C. Gregory Gramenopoulos
901 New York Avenue, NW
Washington, DC  20001
Telephone: (202) 408-4073
Fax: (202) 408-4400
Email: gramenoc@finnegan.com